IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| James Eric Jones, <br><br> PETITIONER <br><br> v. <br><br> United States of America, <br><br> RESPONDENT | Crim. No. 4:06-cr-01238-TLW-1 <br> C/A No. 4:16-cv-01447-TLW <br><br><br> **Order** |

After being remanded from the Fourth Circuit in *United States v. Jones*, 914 F.3d 893 (4th Cir. 2019), this matter is now back before this Court for consideration of the petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner James Eric Jones. As mandated by the Fourth Circuit's ruling, the petition is granted.

A full recitation of the factual background of the underlying case was set forth in the Court's prior order on Petitioner's petition. *See* ECF No. 204 at 1–5. That order is a part of the record.

As noted in that order, the Court sentenced Petitioner as an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to a within-guidelines term of 456 months (38 years) incarceration. ECF No. 88. In his § 2255 petition, he sought to be resentenced without the ACCA enhancement in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 164. The Government argued that he was still an armed career criminal based on his two robbery convictions and his assault, beat, or wound an officer (ABWO) conviction. ECF Nos.

1

173, 174. After full briefing, this Court concluded that each of these three convictions still counted as ACCA predicate offenses. Therefore, the Court denied his petition, upholding the 38-year sentence. ECF No. 204.

Petitioner appealed that ruling. The Fourth Circuit agreed with his position that ABWO is no longer an ACCA predicate offense. *See Jones*, 914 F.3d at 904 ("We are therefore satisfied that the ABWO offense is not an ACCA 'violent felony' and that the district court erred in ruling otherwise."). Hence, based on the Fourth Circuit's ruling, he is no longer an armed career criminal subject to an enhanced sentence beyond ten years. In light of that conclusion, the Fourth Circuit remanded the case to this Court for further proceedings, specifically for resentencing to a ten-year maximum term of imprisonment. *See id.* at 906.

As a result of the Fourth Circuit's ruling, this Court must resentence Petitioner to a sentence of no more than ten years. To be classified as an armed career criminal, a defendant convicted of being a felon in possession of a firearm must have at least three prior convictions for "a violent felony or a serious drug offense," 18 U.S.C. § 924(e)(1), and in light of the Fourth Circuit's ruling, he only has two. A defendant who is not an armed career criminal faces a statutory maximum of ten years incarceration. 18 U.S.C. §§ 922(g)(1), 924(a)(2). Based on the Presentence Investigation Report, it appears that Petitioner has been in custody since November 1, 2006, *see* PSR ¶ 4, so he has served over the statutory maximum.[1]

---

[1] The Court notes that on December 14, 2018, the day after oral argument, the Fourth Circuit sua sponte reconsidered and granted Petitioner's motion to be released pending appeal. No. 18-6070 (4th Cir. Dec. 14, 2018) (ECF No. 69-1). He was then

2

For the reasons stated and as required by the Fourth Circuit's decision, Petitioner's petition for relief pursuant to § 2255, ECF No. 164, is **GRANTED**. If neither party objects within 7 days of the date of this order, the Court will issue an amended judgment imposing a sentence of 120 months, as required by the Fourth Circuit's opinion in this case, followed by a 3-year term of supervised release.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 9, 2019
Columbia, South Carolina

---

released pursuant to the decision of the Fourth Circuit. This Court had no role in that decision.

3